UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEVIN CHRISMAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:09-cv-1108-LJM-DML |
| ) | |
| LISA BORBES, Judge, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Directing Dismissal of Action**

  The complaint of plaintiff Kevin Chrisman, an inmate at the New Castle Correctional Facility, was dismissed as unintelligible. He was given a period of time in which to file an amended complaint, which he did on December 8, 2009. The amended complaint, as was the original complaint, is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

  Chrisman alleges in his amended complaint that he was arrested on February 20, 2008, without a warrant in violation of his federally secured rights. Following trial, Chrisman was found guilty and sentenced to twelve years. Chrisman seeks release from prison and money damages. In the circumstances of this case, Chrisman's due process, false arrest, and wrongful incarceration claims "'would necessarily imply the invalidity of his conviction or sentence.'" *Vangilder v. Baker,* 435 F.3d 689, 691 (7th Cir. 2006)(quoting *Heck v. Humphrey,* 512 U.S. 477, 487 (1994)). The rule of *Heck* is this: Where "success in a . . . [42 U.S.C. §] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004) (citing to *Heck*). "Should success in a civil suit necessarily imply the invalidity of a conviction or sentence, *Heck* requires the potential plaintiff to wait until his conviction is nullified before bringing suit." *Whiley v. City of Chicago,* 361 F.3d 994, 996 (7th Cir. 2004); *see also Apampa v. Layng,* 157 F.3d 1103, 1105 (7th Cir. 1999).

Applying these principles to claims in Chrisman's amended complaint, it is evident that his claims are not cognizable under § 1983 until–and unless–his state criminal conviction is resolved in his favor. Only then will these claims accrue and will the underlying events be actionable.

For the reasons explained above, the amended complaint fails to contain a legally viable claim. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue. The dismissal shall be without prejudice.

**IT IS SO ORDERED.**

Date: 01/21/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana